HORTON *vs.* HORTON.

HORTON *vs.* HORTON.

*In the matter of the Real Estate of* JOSEPH H. HORTON, *deceased.*

ON the motion to confirm the report of sale, in proceedings for the sale of the real estate of a deceased person for the payment of his debts, if it appear that a sum exceeding ten per cent. on the bid, exclusive of expenses of a new sale, can be obtained, it is the duty of the Surrogate to vacate the sale, and direct another to be had. If such an advance cannot be obtained, and the sale has been legally made and fairly conducted, the Surrogate is imperatively required to confirm the sale.

A. BOARDMAN, *for Administratrix.*

D. HARRISON, JR., *for Heirs.*

THE SURROGATE. The sale in this case does not appear to have been illegally made or unfairly conducted, and there is no evidence that the sum bid for the three lots was disproportioned to their value. If a sum exceeding the bid ten per cent., exclusive of the expenses of a new sale, could be obtained, it would be my duty to vacate the sale, and direct that another be had. Unless such an advance can be obtained, the Surrogate is imperatively required to confirm the sale, provided it was legally made and fairly conducted. (2 *R. S.*, 3*d ed.*, *p.* 168, §§ 33, 34.) On referring to the price brought by other lots on the same plot at the same sale, I should judge that these three had been sold for their full value, taking into view their assignment as the dower estate of the widow of the intestate. Whether they ought to have been sold separately or together should have been questioned before the sale. They are described together in the petition and in the order of sale. They were set apart to the widow for dower jointly together;

and a doubt as to the propriety of their disposition in this manner is first suggested before me, after the sale had been effected. I am inclined to think that they have brought quite as much, if not more, sold together, as they would have produced if sold separately. The sale of lot 133 would be clearly insufficient to pay the debts and expenses, inclusive of the costs; and one, if not both, the other lots would have to be sold. The purchaser of three lots on Flushing Avenue has not yet accepted his deed; and if a resale of those premises shall become necessary, it may be more doubtful than ever if any surplus will remain after paying the debts. I can therefore see no objection to the confirmation of this sale.